# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                            )
     v.                )      I.D. No. 1810009052,
                            )             1811017528
JARON J. STARKEY,       )
                            )
     Defendant.        )

Date Submitted:   May 6, 2020
Date Decided:     May 29, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification of Sentence ("Motion"), State's response thereto, Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On April 29, 2019, Defendant pled guilty to Drug Dealing and Driving Under the Influence – Third Offense ("DUI").[1] By Order dated August 2, 2019, effective November 30, 2018, Defendant was sentenced as follows: for Drug Dealing, IN18-12-0423, 8 years at Level V, suspended after 6 months, for 7 years and 6 months Level IV (DOC Discretion), hold at Level V until space is available at Level IV, suspended after 6 months, for 1 year at supervision Level III; for DUI, IN19-01-1436, 2 years at Level V, suspended after 1 year, for 18 months supervision

---

[1] ID No. 1810009052, D.I. 8; ID No. 1811012528, D.I. 12.

Level III.[2]

2.    In the instant Motion, Defendant asks that the Court to suspend the remaining Level V time on his sentences, eliminate the Level IV portion of his Drug Dealing sentence, and permit him to flow down immediately to Level III supervision.[3]  In the alternative, Defendant asks the Court to modify his sentence for Drug Dealing from Level IV (DOC Discretion) to Level IV Home Confinement with a hold at supervision Level III until space is available at Level IV.[4]  In support of his Motion, Defendant asserts that he does not pose a threat to the community, he has pending employment upon release, he is at risk of exposure to COVID-19, and he needs to economically and emotionally support his children.[5]

3.    Superior Court Criminal Rule 35 governs motions for modification of sentence.  "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[6]  However, "[t]he Court may . . . reduce the . . . the term or conditions of partial confinement or probation, at any time."[7]  The Court will not

---

[2] ID No. 1810009052, D.I. 12; ID No. 1811012528, D.I. 14.
[3] ID No. 1810009052, D.I. 18; ID No. 1811012528, D.I. 18.
[4] *Id.*
[5] *Id.*
[6] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[7] Super. Ct. Crim. R. 35(b).

consider repetitive requests for reduction or modification of sentence.[8]

4. This is Defendant's third request to modify his sentences under Rule 35(b), and therefore, Defendant's Motion is barred as repetitive.[9]

5. In addition, Defendant's request to suspend the remaining Level V time on his sentences was filed more than 90 days after the imposition of Defendant's sentences and is therefore time-barred. The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[10] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[11] Mitigating factors that could have been presented at sentencing, exemplary conduct, or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[12] The Court does not find the existence of any extraordinary circumstances in connection with

---

[8] Super. Ct. Crim. R. 35(b).

[9] *See* ID No. 1810009052, D.I. 14, 16, 18; ID No. 1811012528, D.I. 16, 18.

[10] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[11] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[12] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

Defendant's request to suspend the remaining Level V time on his sentences.

6.  Defendant's request to modify his sentence for Drug Dealing from Level IV (DOC Discretion) to Level IV Home Confinement is DENIED.  The Court finds Defendant's sentences are appropriate for all the reasons stated at the time of sentencing.  No additional information has been provided to the Court that would warrant a reduction of modification of these sentences.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary

cc:   Charles H. Toliver, IV, Esq.
      Samuel B. Kenney, DAG
      Zachary D. Rosen, DAG